## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT JOHN KEENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-07-408-HE |
| | ) | |
| JANICE MELTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Petitioner Robert John Keeno, a state prisoner appearing *pro se*, instituted this action under 28 U.S.C. § 2254 seeking habeas relief.  Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the petition be denied.

The petitioner was convicted by a jury of manufacturing a controlled dangerous substance and conspiring to manufacture a controlled dangerous substance.  He was sentenced initially to two consecutive fifteen-year terms of imprisonment.  The district court subsequently modified the petitioner's sentences to provide that they would run concurrently, rather than consecutively.  The convictions and sentences were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA").

The petitioner asserts the same five grounds for relief in his habeas petition that he raised on direct appeal.   In a thorough and well-reasoned Report and Recommendation, the magistrate judge rejected the petitioner's claims that he was denied due process when he was not afforded a second preliminary hearing; that the evidence was insufficient to

support his convictions; that his due process and equal protection rights were violated by erroneous jury instructions; and that he was denied ineffective assistance of counsel.

The petitioner filed an objection in which he states that he intended, with respect to ground one of the petition, to assert that the trial court's failure to conduct a second preliminary hearing violated his federal equal protection and due process rights, not just his rights under the Oklahoma constitution.  However, even if the petition is deemed amended to include a federal constitutional basis for ground one, the claim still fails.  As noted by the magistrate judge, there is no federal constitutional right to a preliminary hearing.  Snow v. Oklahoma, 489 F.2d 278, 279 (10th Cir. 1973). The court also agrees with the magistrate judge that the petitioner has not shown that he was prejudiced by the filing of the amended information and the lack of a second preliminary hearing.  *See* Sullivan v. Bruce, No. 02-3119, 2002 WL 1813889 (10th Cir. Aug. 8, 2002)(unpublished).

The petitioner did not object to the magistrate judge's findings with respect to his other claims (grounds two-five).  As to them the petitioner has waived his right to appellate review of the factual and legal issues addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996).  *See* 28 U.S.C. § 636(b)(1)(C); LCvR72.1.

Accordingly, the court adopts Magistrate Judge Purcell's Report and Recommendation, and **DENIES** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

2

Dated this 8th day of November, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE